**FILED**

**December 22, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

**Time: 3:30 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Nohemi Arciga | ) | **Docket No.: 2015-02-0217** |
|       Employee, | ) | |
| v. | ) | **State File Number: 6668/2015** |
| AtWork Personnel Services | ) | |
|       Employer, | ) | |
| And, | ) | **Judge Brian K. Addington** |
| Zurich | ) | |
|       Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS AND DENYING TEMPORARY DISABILITY BENEFITS

This cause came before the undersigned workers' compensation judge on December 16, 2015, for an Expedited Hearing. The central legal issue is whether the employee is entitled to additional medical benefits and temporary disability benefits[1] for an injury occurring on January 19, 2015.[2] For the reasons set forth below, the Court grants medical benefits at this time.

### History of Claim

Nohemi Arciga is a forty-six-year-old resident of Hamblen County, Tennessee. (T.R. 1 at 1.). Ms. Arciga worked as an assembler for AtWork Personnel Services at Tuff Torq Corporation. (T.R. 3 at 3.) On January 19, 2015, Ms. Arciga noticed the machinery operated quicker than it had before, and her neck began to hurt. She reported the pain to her supervisor at Tuff Torq, who reported it to AtWork. AtWork filed a First Report of Injury indicating Ms. Arciga injured her upper back while putting a part on a transmission. (Ex. 1.) Ms. Arciga testified her shoulders hurt as well.

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

[2] Ms. Arciga attempted to present evidence of an alleged acute injury of February 18, 2015. This date of injury was listed in the body of the Petition for Benefit Determination (PBD). The Court allowed Ms. Arciga to present the evidence pending a determination of the Court of whether it was appropriate to consider two separate injuries under one PBD and one Dispute Certification Notice. The Court refuses to consider the February 18, 2015 injury in this Order, as this is a completely separate injury from her alleged January 19, 2015 injury.

1

On January 21, 2015, AtWork approved treatment for Ms. Arciga by Dr. Terry Humann, a chiropractor. Dr. Humann noted Ms. Arciga experienced right shoulder pain after lifting transmission parts at work. (Ex. 3 at 7.) Dr. Humann noted Ms. Arciga had activity limits but did not write an explanation. *Id.* Ms. Arciga returned to Dr. Humann on January 23 and 26, 2015. *Id.* at 3. On January 26, 2015, Dr. Humann released Ms. Arciga to work without restrictions at her own request. *Id.* at 1. She testified she asked the doctor for a work release for economic reasons, even though she still experienced pain.

Ms. Arciga continued to work for AtWork until her discharge on February 23, 2015.

Ms. Arciga testified she continued to suffer shoulder pain following her release from AtWork and sought medical treatment with her primary care provider at Cherokee Health Systems. Ms. Arciga also requested additional medical treatment from AtWork. AtWork provided her panel of physicians, from which she chose Healthstar Physicians on August 10, 2015.

There were some problems getting the appointment scheduled. (Exs. 7, 8.) Ms. Arciga saw the providers at Healthstar on November 2, 2015.[3] She complained of overuse of her shoulder. The diagnosis was shoulder muscle spasm. (Ex. 4 at 1.) The provider recommended physical therapy. *Id.* at 2. Ms. Arciga went for the physical therapy evaluation but has not received any therapy. The medical records from November 2, 2015, do not address work restrictions.

Ms. Arciga filed a PBD on July 8, 2015, requesting temporary disability benefits and medical benefits. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice on August 3, 2015. (T.R. 2.) Ms. Arciga filed a Request for Expedited Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2014). (T.R. 3.)

During the Expedited Hearing on December 16, 2015, Ms. Arciga argued that she was entitled to additional medical and temporary disability benefits. She asserted her continued shoulder pain has kept her from working, except for one day with a third party. She further asserted that she needs the physical therapy recommended by the Healthstar providers. She asserts she missed one week of work when she injured her shoulder.

AtWork contended that Ms. Arciga told Dr. Humann she had recovered from her shoulder injury. Ms. Arciga did not provide a causation statement from Healthstar physicians. She has not worked for AtWork since February 2015. AtWork asserted a

---

[3] Although the medical records were signed, the Court could not make out the name of the provider.

lack of sufficient evidence to prove she is entitled to additional medical benefits. Ms. Arciga has not presented any medical note taking her off work for her work injury, so that she is not entitled to temporary disability benefits.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party, but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level or a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. Lexis 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

The first issue is whether Ms. Arciga suffered an injury that arose primarily out of and in the course and scope of employment and is in need of medical treatment for same. AtWork presented no evidence to refute Ms. Arciga's testimony that she worked at Tuff Torq as an assembler when her shoulder started to hurt.

The providers at Healthstar are the most recent authorized treating physicians. They noted Ms. Arciga suffered right-shoulder muscle spasms. However, Healthstar's treatment ended before the physicians provided a causation statement concerning Ms. Arciga's spasms. Based on the evidence presented, the Court cannot make a determination on the causation of the Ms. Arciga's injury, and it is unclear why treatment stopped after the therapy evaluation. AtWork did not present to the Court a Notice of Denial or a Notice of Controversy.

Tennessee Code Annotated section 50-6-102(13)(E) (2014) states that "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation,

3

but this presumption shall be rebuttable by a preponderance of the evidence."

Although Ms. Arciga has the burden of proof on the issue of causation, and there is no causation opinion in the record, the Court finds that Healthstar's treatment ended prematurely. The Court makes no finding of fault concerning that issue. The Court finds the reasonable course at this time is to return Ms. Arciga to Healthstar for a causation opinion of Ms. Arciga's spasms. If a physician at Healthstar opines Ms. Arciga's spasms arose primarily out of and in the course and scope of her employment, AtWork shall authorize all treatment, if any, made reasonably necessary due to the injury. At this point, Ms. Arciga has presented sufficient evidence for the Court to conclude that she is likely to succeed at a hearing on the merits of her request for authorized medical treatment, until Healthstar renders a causation opinion.

The final issue is whether Ms. Arciga is entitled to any temporary disability benefits. Ms. Arciga did not present any medical records taking her off work or restricting her work. To be entitled to temporary total disability benefits, an injured worker "must prove that he [or she] was (1) totally disabled to work by a compensable injury; (2) that there is a causal connection between the injury and his [or her] inability to work; and (3) the duration of that period of disability." *James v. Landair Transport, Inc.,* No. 2015-02-0024, 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at *16 (Tenn. Workers' Comp. App. Bd. Aug. 26, 2015) (quoting *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978)). Ms. Arciga has presented insufficient evidence to prove her alleged injury disabled her from work as she has no expert medical proof taking her off work. Therefore, concerning this issue, she is unlikely to succeed at hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. AtWork shall authorize a return appointment for Ms. Arciga with Healthstar. If a physician at Healthstar opines Ms. Arciga's condition arose primarily out and in the course and scope of his employment, AtWork or its workers' compensation carrier shall provide all medical treatment made reasonably necessary by accident, including any unpaid prior treatment.

2. Ms. Arciga's request for temporary disability benefits is denied.

3. This matter is set for an Initial (Status) Hearing on February 8, 2016, at 10:00 a.m. Eastern Time.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured**

4

**Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Worker's Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 22nd day of December, 2015.**

_____

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Status) Hearing:

A Status Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

5

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>
1. First Report of Injury
2. Separation Notice
3. Medical Records:  Dr. Terry Humann
4. Medical Records:  Healthstar Physicians
5. TDOL Employment Security Agency Decision (For Identification Only)
6. Panel of Physicians
7. Correspondence between Employee's attorney and Zurich
8. Correspondence between Employee's attorney and Zurich
9. Medical Records Bill
10. Medical Records:  Cherokee Health Systems (For Identification Only)

<u>Technical record:</u> [4]
1. Petition for Benefit Determination, July 8, 2015
2. Dispute Certification Notice, August 3, 2015
3. Request for Expedited Hearing, November 13, 2015
4. Show Cause Order, October 28, 2015
5. Order on Show Cause Hearing, November 20, 2015
6. Employer's Pre-Hearing Brief

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing.  The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 22nd day of December, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent To: |
|---|---|---|---|---|---|---|
| Russell Veldman, Employee's Counsel | | | | | X | rveldman1@aol.com |
| Mary Beth Maddox, Employer/Carrier's Counsel | | | | | X | mmaddox@fmsllp.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8